UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEON WARREN** | **CIVIL ACTION** |
| **VERSUS** | **NO:    15-2634** |
| **MARLIN GUSMAN, ET AL** | **SECTION: "S" (4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to Title 28 U.S.C § 636(b)(1)(B) and (C), §1915(e)(2) and § 1915A, and as applicable, Title 42 U.S.C. § 1997e(c)(1) and (2). On September 14, 2015, the undersigned Magistrate Judge conducted a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) and its progeny.[1]

**I.      Factual Summary**

The plaintiff, Leon Warren ("Warren"), was incarcerated in the Orleans Parish Prison ("OPP") at the time of filing this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.  Warren was later transferred to Caldwell Corrections Center on March 17, 2016, and is now incarcerated in Dixon Correctional Institute. (R. Docs. 4, 11). The plaintiff filed a claim against Sheriff Marlin N. Gusman, ("Sheriff Gusman"), Chief Weaver, Major Winfield, Lieutenant Homeis, Captain Holt, and Lieutenant Ruza.

Warren alleges that he filed suit against Sheriff Gusman and the other defendants because of their supervisory role over OPP. Warren stated that he listed all the ranking officers over the prison.

---

[1] The plaintiff, Leon Warren, and Charlin S. Fisher, counsel for the defendants, participated by telephone.

On July 15, 2015, Warren filed a complaint. In his complaint, he alleges that the prison's ventilation system is poor. He claims that the prison contains mildew, lead paint, and gas fumes. Additionally, he alleges that the prison ceilings are wet and that water drips into his food.

A *Spears* Hearing was conducted on September 14, 2015. (R. Doc. 9.) During the hearing, Warren further contended that the water dripping from the celling was water from the showers right above his cell. He alleges that when the water fell on him, it caused itching, rashes, and spots on his skin. Warren alleges that he was living in this cell for six months. Additionally, when Warren was moved to another cell, there were gas and fumes from an outside generator that caused him to cough, gag, and have difficulty breathing.

At unspecified times, Warren alleged that he spoke to Chief Weaver, Major Winfield, Captain Holt, and Lieutenant Ruza about his problems with the condition of the prison. He was told nothing could be done about the conditions. Warren did not speak to nor contact Sheriff Gusman and Lieutenant Homeis.

On March 2, 2015, Warren submitted a grievance form, complaining of the mildew, gas, and ventilation problems. (R. Doc. 1, p. 7). On the same date, a response form was submitted stating that Warren should "submit a sick call to see a provider." *Id.* at 8.

According to Warren, he submitted a sick call immediately. Warren alleges that he was told by medical personnel that nothing could be done about the coughing he was experiencing and he was given ointment for his rash.

During the *Spears* Hearing, Warren stated that his rash has cleared up because of the ointment provided to him. Additionally, Warren stated that his breathing improved since he left OPP. Warren seeks an award of $200,000 in monetary damages due to the effects on his health. (R. Doc. 1, p. 9).

2

## II.     Standard of Review

According to Title 28 U.S.C § 1915A and Title 41 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners in forma pauperis if it is determined that they are frivolous. The Court has broad discretion in determining whether a claim is frivolous. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis in either law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.2d 318 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III.    Analysis

### A.     Improper Defendants

Warren named Sherriff Gusman, Chief Weaver, Major Winfield, Lieutenant Homeis, Captain Holt, and Lieutenant Ruza (collectively, "Defendants") as defendants in his case. Warren likely named these defendants because of their supervisory role over the OPP.

Pursuant to § 1983, those that hold supervisory roles would not be held liable under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1981).

The Defendants may be liable under § 1983 only if they were "personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981)(citing *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976)).

In order for a prison official to be in violation of the constitution's prohibition against cruel and unusual punishment, "the prison official's state of mind must be examined to whether the undue hardship endured by the prisoner was a result the prison official's deliberate indifference." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). To establish deliberate indifference, Warren would have to show that the Defendants: "(1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) and they actually drew an inference that such potential harm existed." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

In this case, Warren has not alleged that neither Sheriff Gusman nor Lieutenant Homeis were personally involved in the allegations concerning his conditions of confinement and health. An official is deliberately indifferent to an inmate's health and safety needs "only if he knows that the inmates faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Warren contends that he has not spoken to neither Sheriff Gusman nor Lieutenant Homeis; thus they could not have known about any of Warren's complaints.

Further, Warren appears to have named Sheriff Gusman, Chief Weaver, Major Winfield, Lieutenant Homeis, Captain Holt, and Lieutenant Ruza because of their supervisory roles in OPP. In the *Spears* Hearing, Warren stated that he listed the defendants based on their ranking as prison officials. Therefore, his claims against the Defendants are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e) § 1915A §1997(e).

### B.     Conditions of Confinement

Warren alleges that the ceiling in his cell was wet because of the shower directly above his cell. Additionally, he alleges that he was breathing gas fumes emanating from a generator outside the prison. He also alleges that the prison had mildew and ventilation problems.

A condition of confinement claim is one that scrutinizes "general conditions, practices, rules, or restrictions" of confinement. *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997); *see also Anderson v. Dallas Cnty.*, 286 Fed.Appx. 850, 857 (5th Cir. 2008). Typically, a condition is the "manifestation of an explicit policy restriction: the number of bunks per cell, mail privileges, disciplinary segregation, etc." *Scott*, 114 F.3d at 53. However in some situations, "a condition may reflect an unstated or *de facto* policy, as evidenced by a pattern of acts or omissions sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by jail officials, to prove an intended condition or practice." *Shepherd v. Dallas Cnty.*, 591 F.3d 445, 452 (5th Cir. 2009) (internal quotations omitted). The Fifth Circuit has maintained that proving "a pattern is a heavy burden, one that has rarely been met in our case law." *Id*. Additionally, "to constitute impermissible punishment, the condition must be one that is 'arbitrary or purposeless' or, put differently, 'not reasonably related to a legitimate goal.'" *Id*. (quoting *Bell v. Wolfish*, 441 U.S. 520, 539 (1979)).

5

Warren must also show that prison officials acted with deliberate indifference to his needs (subjective component), and that the alleged deprivations were sufficiently severe to rise to the level of a constitutional violation (objective component). *Wilson v. Seiter*, 501 U.S. 294, 298-302 (1991).

Thus, in order for him to show unconstitutional conditions of confinement, he need only show that such a condition, which is alleged to be the cause of a constitutional violation, has no reasonable relationship to a legitimate government interest." *Duvall v. Dallas Cty., Tex.*, 631 F.3d 203, 207 (5th Cir. 2011). This is because, in such claims, "an avowed or presumed *intent* by the State or its jail officials exists in the form of the challenged condition." *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644 (5th Cir. 1996) (emphasis added); accord *Duvall,* 631 F.3d at 207.

Warren alleges that he informed Chief Weaver, Major Winfield, Captain Holt, and Lieutenant Ruza about his problems with the prison's conditions. For the issue concerning the wet ceiling, Warren was moved to a different cell. For the issue concerning the fumes caused by an outdoor generator, all of the defendants allegedly responded by claiming nothing could be done. In either circumstance, Warren has not alleged that there was no legitimate government interest in the condition. Warren conceded that the wet ceilings came from a shower. Showers have a legitimate government purpose in the prison, particularly for hygienic purposes. Additionally, Warren stipulates that the fumes were coming from a generator which was likely being used to provide electricity for the prison. Thus, the conditions endured by Warren were not arbitrary or purposeless.

Finally, Warren also fails to state a claim concerning the mildew, ventilation, and lead paint complaint. *See Mahmoud v. Bowie*, No. 99-31255, 2000 WL 1568178, at *2 (5th Cir. Sept. 14, 2000) (affirmed dismissal of claim that shower was unsanitary, holding that the claim was

"conclusional or de minimis and [did] not rise to the level of [a] constitutional violation"); *Johnson v. Thaler*, No. 99-20222, 1999 WL 1131941, at *1 (5th Cir. Nov. 12, 1999) (The appellants' allegations of inadequate ventilation and excessive heat do not entitle them to relief under 42 U.S.C. § 1983) (citing *Parker v. Smith*, No. 93-5542 (5th Cir. May 6, 1994)); *Seaberry v. Edwards*, WL 902431, at *3 (E.D. La. Feb. 16, 2011), report and recommendation adopted, No. CIV.A. 11-0066, 2011 WL 901214 (E.D. La. Mar. 14, 2011) (Seaberry's claims against the Defendants for his alleged exposure to lead based paint are frivolous and otherwise fail to state a claim for which relief can be granted).

For the aforementioned reasons, Warren's allegations about conditions of his confinement fall short of stating a constitutional violation and are dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to § 1915(e) § 1915A § 1997e.

### C. <u>Insufficient Medical Care</u>

Warren alleges that nothing was done about his cough after being exposed to fumes from the generator. There are two requirements that must be met in order for the allegations to arise to a constitutional violation.

First, the deprivation must objectively be "sufficiently serious." Meaning that "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). To rise to the level of a constitutional violation, the conditions must be "'so serious as to deprive [plaintiff] of the minimal measure of life's necessities,' in this case the basic human need for sanitary conditions." *Alexander v. Tippah County,* 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995)).

Second, Warren must show that a prison official was deliberately indifferent to his health or safety. *Farmer*, 511 U.S. at 847. A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

Warren's allegations do not meet the deliberate indifference standard. Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41F3d 232, 235 (5th Cir. 1995) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993)). Warren stipulates that he was examined after submitting a sick call. He also stipulates that he was given ointment that cured his rash, but nothing for his cough. Because disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs, Warren has failed to allege a denial of medical care sufficient to state a claim under § 1983. *See Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

**IV.**   **Recommendation**

Accordingly,

**IT IS RECOMMENDED** that Plaintiff, Leon Warren ("Warren") claims be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) § 1915A and 42 U.S.C. § 1997e. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the

party has been served with notice that such consequences will result from a failure to object. *Douglas v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996). [5]

New Orleans, Louisiana, this 21st day of July 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.