UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEON WARREN | CIVIL ACTION |
| VERSUS | NO: 15-2634 |
| MARLIN GUSMAN, ET AL | SECTION: "S" (4) |

**O R D E R**

The Court, having considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the failure of any party to file an objection to the Magistrate Judge's Report and Recommendation,[1] hereby adopts the recommendation of the United States Magistrate Judge that this matter should be dismissed, but for the following reasons.

**BACKGROUND**

Plaintiff, Leon Warren, filed the instant complaint alleging claims under 42 U.S.C. § 1983 that the defendants violated his right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment to the Constitution of the United States with respect to the conditions of his confinement at the Orleans Parish Prison ("OPP"). Warren named Sheriff Marlin N. Gusman, Chief Weaver, Major Winfield, Lieutenant Homeis, Captain Holt and Lieutenant Ruza as defendants. Warren alleges that OPP has mildew, lead paint, gas fumes, and a poor ventilation system, and that water dripped from the ceiling onto his food. Warren claims that he spoke to Chief Weaver, Major Winfeild, Captain Holt, and Lieutenant Ruza about these issues. When he complained about the water dripping into his food, he was moved to a new cell, but the new cell

---

[1] In response to the Report and Recommendation, Warren filed a request for an attorney, but did not address any of the United States Magistrate Judge's findings. After considering the Report and Recommendation, the facts, and the applicable law, the court finds that this matter should be dismissed and that appointing an attorney for the plaintiff is unwarranted.

1

was near a generator and he was exposed to gas fumes. Warren submitted a grievance form regarding the mildew, gas and ventilation problems. That same day, a response form was submitted stating that Warren should submit a sick call to see a medical provider. Warren saw the medical personnel and was told that nothing could be done about the coughing and he was given ointment for his rash.

## ANALYSIS

Warren alleges that the defendants are liable for unconstitutional conditions of confinement at OPP. The complaint does not distinguish between individual capacity and official capacity claims.

### A.  Individual Capacity Claims

Warren names all of the defendants in their individual capacities. Warren stated that he named Sheriff Gusman because of his supervisory role over OPP, but that he spoke to Chief Weaver, Major Winfield, Captain Holt and Lieutenant Ruza about the conditions of confinement involved in this complaint. Warren does not allege that he spoke with Lieutenant Homeis regarding the conditions of confinement.

"Plaintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Moreover, a sheriff cannot be held vicariously liable for the actions of his deputies pursuant to § 1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir.1987); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or

respondeat superior liability."). Because Warren does not allege that Sheriff Gusman or Lieutenant Homeis were personally involved in the incident that is the subject of this suit, Warren's § 1983 claims against them in their individual capacities are DISMISSED.

Further, Warren's only allegation against Chief Weaver, Major Winfield, Captain Holt and Lieutenant Ruza is that he spoke to them about the conditions of confinement. In response to Warrant's complaints regarding the wet ceiling, Warren was moved to a different cell. Warren does not allege that these defendants were personally involved in creating the conditions of confinement. Therefore, Warren's claims against Chief Weaver, Major Winfield, Captain Holt and Lieutenant Ruza in their individual capacities are DISMISSED.

### B. Official Capacity Claims

Warren stated that he named Sheriff Gusman and the other defendants because of their supervisory roles at OPP. These claims are construed as official capacity claims.

A claim against a police officer in his official capacity is treated as a claim against the municipality that the officer serves. Brooks v. Georte Cty., Miss., 84 F.3d 157, 165 (5th Cir. 1996). In Monell v. Dep't of Soc. Servs. of City of New York, 98 S.Ct. 2018, 2037 (1978), the Supreme Court of the United States held that local governments cannot be held liable under § 1983 for constitutional deprivations effected by their individual employees in their official capacities absent a showing that the pattern of behavior alleged arose from "the execution of a government's policy or custom." To succeed on a Monell claim, the plaintiff must establish: (1) an official policy or custom, of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. Valle v. City of Hous., 613 F.3d 536, 541-42 (5th Cir. 2010).

### 1. Policy Maker

The "policy maker" prong is satisfied if actual or constructive knowledge of a policy is attributable to the municipality's governing body or to an official to whom the municipality has delegated policy making authority. Webster v. City of Hous., 735 F.2d 838, 842 (5th Cir. 1984) (*en banc*). Presumptive policymakers for the police include the mayor, the city council and the chief of police. Id. Sheriff Gusman is the policy maker for OPP. Thus, the official capacity claim would properly be against Sheriff Gusman only, and the official capacity claims against Chief Weaver, Major Winfield, Lieutenant Homeis, Captain Holt and Lieutenant Ruza are DISMISSED.

### 2. Official Policy

The "official policy" prong requires that the deprivation of constitutional rights be inflicted pursuant to an official custom or policy. "Official policy is ordinarily contained in duly promulgated policy statements, ordinances or regulations." Piotrowski v. City of Hous., 237 F.3d 567, 579 (5th Cir. 2001). However, a policy may also be a custom that is ". . . a persistent, widespread practice of, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy . . ." Id. (quoting Webster, 735 F.2d at 841). Warren alleges that OPP had problems with mildew, lead paint, gas fumes, and a poor ventilation system, and that water dripped from the ceiling onto his food. Read broadly, these claims set forth allegations that Gusman had a policy of not addressing these issues in OPP.

### 3. Moving Force

To satisfy the "moving force" prong, the plaintiff must show culpability and causation. A municipality is culpable under § 1983 if: (1) the official policy is facially unconstitutional; or (2) if a "facially innocuous" policy was "promulgated with deliberate indifference to the 'known or

obvious consequences' that constitutional violations would result." Piotrowski, 237 F.3d at 579 (quoting Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown, 117 S.Ct. 1382, 1389-90 (1997)). Causation requires a "direct causal link between the municipal policy and the constitutional deprivation." Id. at 580. A Monell plaintiff must "establish both the causal link ("moving force") and the City's degree of culpability ("deliberate indifference" to federally protected rights)" because "[w]here a court fails to adhere to the rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability." Id. (citing Snyder v. Trepagnier, 142 F.3d 791, 796 (5th Cir.1998)).

Warren alleges that Sheriff Gusman's failure to address OPP's problems with mildew, lead paint, gas fumes, poor ventilation, and water dripping from the ceiling resulted in a violation of his Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment "does not mandate comfortable prisons, but neither does it permit inhumane ones." Ball v. LeBlanc, 792 F.3d 584, 592 (5th Cir. 2015) (quotations and citations omitted). "To be tantamount to the infliction of cruel and unusual punishment, prison conditions must pose 'an unreasonable risk of serious damage' to a prisoner's health – an objective test -- and prison officials must have acted with deliberate indifference to the risk posed – a subjective test." Id. The objective component requires "extreme deprivation of any 'minimal civilized measure of life's necessities.'" Davis v. Scott, 157 F.3d 1003, 1006 (5th Cir. 1998) (quoting Wilson v. Seiter, 111 S.Ct. 2321, 2327 (1991)). The subjective prong requires "prison official[s] [to] have a sufficiently culpable state of mind[,]" which is a "deliberate indifference to inmate health or safety." Ball, 792 F.3d at 594 (quotations omitted). Deliberate indifference is a two-prong inquiry: (1) the prison official must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists"; and (2) "he must also draw the inference." Id. (quotations omitted).

Warren's allegations of mildew, lead paint, gas fumes, poor ventilation, and water dripping from the ceiling do not state a claim for a violation of the Eighth Amendment.  Warren does not allege that these conditions were severe or extreme.  He also does not allege that prison officials were deliberately indifferent to the conditions as they affected him.  Warren acknowledged during the Spears Hearing that, when he complained about the water, he was moved to another cell and that when he complained about the gas fumes, he received medical treatment.  Warren's issues were addressed.  Thus, he has not stated a claim for a violation of the Eighth Amendment, and his official capacity claim against Sheriff Gusman is DISMISSED.

## CONCLUSION

**IT IS ORDERED** that Leon Warren's claims brought pursuant to Title 42 U.S.C. § 1983 against the defendants, Sherriff Marlin N. Gusman, Chief Weaver, Major Winfield, Lieutenant Homeis, Captain Holt, and Lieutenant Ruza, are **DISMISSED** for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e)(2) and § 1915A and Title 42 U.S.C. § 1997e.

New Orleans, Louisiana, this ___23rd___ day of ___September___, 2016.

**UNITED STATES DISTRICT JUDGE**